IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

EDWIN CHARLES KRELL,           *

    Plaintiff,              *

v.                             *           CIVIL NO. JKB-18-0637

QUEEN ANNE'S COUNTY, et al.,   *

    Defendants.             *

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM

In March 2018, Edwin Charles Krell ("Plaintiff") sued Tyson Brice and Kyle Braightmeyer ("Defendants") on a variety of federal and state law claims alleging misconduct during his arrest. After the close of discovery, Defendants moved for summary judgment on each of the claims pending against them. (ECF No. 58.) In October 2019, this Court granted the motion in part and denied it in part. (ECF No. 73.)

Now pending before the Court is Defendants' motion to reconsider.[1] (Mot. Recons., ECF No. 82.) Defendants contend the Court made a clear error of law and fact in not granting summary judgment on each of the claims pending against them. *See* Fed. R. Civ. P. 59, 60. Specifically, Defendants assert the Court erred in denying them summary judgment on Plaintiff's deliberate indifference claim—an error which allegedly infected the Court's analysis of Plaintiff's equal protection, negligence, and gross negligence claims. Additionally, Defendants assert the Court erred in only partially granting summary judgment on Plaintiff's excessive force claim and in

---

[1] Before the Court is also Defendants' motion to seal documents related to Plaintiff's medical records. (ECF No. 84). The Court will grant this motion.

concluding Defendants were not entitled to qualified immunity on any of the federal claims pending against them.

Plaintiff has not opposed the motion. No hearing is required. *See* Local Rule 105.6 (D. Md. 2018). The Court will deny Defendants' motion to reconsider.

## *I.   Legal Standard*

Under Rule 59(e), a motion to amend a final judgment may be granted "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993). Under Rule 60(b), a court may grant relief from a final judgment or order for the following reasons: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud or misconduct by the opposing party; (4) voidness; (5) satisfaction; or (6) any other reason that justifies relief." *Butler v. DirectSAT USA, LLC*, 307 F.R.D. 445, 449 (D. Md. 2015) (citing Fed. R. Civ. P. 60(b)). Although there may be many valid reasons to reconsider an order, "a motion to reconsider is not a license to reargue the merits or present new evidence" that was previously available to the movant. *Royal Ins. Co. of Am. v. Miles & Stockbridge, P.C.*, 142 F. Supp. 2d 676, 677 n.1 (D. Md. 2001) (citing *RGI, Inc. v. Unified Indus., Inc.*, 963 F.2d 658 (4th Cir. 1992)).

## *II.   Analysis*

### *A.   Deliberate Indifference[2]*

---

[2]   Plaintiff brings claims for deliberate indifference under the Fourteenth Amendment and Article 24 of the Maryland Declaration of Rights. The Court will evaluate these claims simultaneously, as the analysis under each is the same. *See Bost v. Wexford Health Sources, Inc.*, Civ. No. ELH-15-3278, 2018 WL 3539819, at *42 (D. Md. July 23, 2018) ("[T]he analysis under Article 24 is, for all intents and purposes, duplicative of the analysis under the Fourteenth Amendment." (citation omitted)).

2

To prevail on a deliberate indifference claim, a plaintiff must satisfy two requirements. First, the plaintiff must establish the "objective" component by illustrating a serious medical need. *See Estelle v. Gamble*, 429 U.S. 97, 105 (1976). A serious medical need is one that has "been diagnosed by a physician as mandating treatment or is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Scinto v. Stansberry*, 841 F.3d 219, 225 (4th Cir. 2016). Second, the plaintiff must establish the "subjective" component by showing deliberate indifference on the part of the defendant. *Wilson v. Seiter*, 501 U.S. 294, 303 (1991). "Deliberate indifference" lies "somewhere between the poles of negligence at one end and purpose or knowledge at the other." *Farmer v. Brennan*, 511 U.S. 825, 836 (1994). To be liable, a defendant "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and must also draw the inference." *Id.* at 837. Relief is reserved for cases in which the official's conduct is "egregious" and involves an "unnecessary and wanton infliction of pain." *King v. United States*, 536 F. App'x 358, 364 (4th Cir. 2013) (quoting *Wilson*, 501 U.S. at 297).

Defendants contend the Court erred in denying their motion for summary judgment on Plaintiff's deliberate indifference claims for two reasons: (1) Plaintiff was not suffering from a serious medical need at the time of his arrest, and (2) Plaintiff has not produced sufficient evidence of causation. The Court addresses each argument in turn.

### *1. Serious Medical Need*

The parties agree that at the time of Plaintiff's arrest, Plaintiff was experiencing significant shoulder problems. Plaintiff's medical records reveal that Plaintiff had more than 100 hospital visits related to his shoulder and that numerous doctors had informed him prior to his arrest that he needed shoulder surgery. (M.S.J. Ex 7, ECF No. 60.) Defendants' own expert, Dr. Robert

3

Saltzman, opined after evaluating Plaintiff and his medical records, that Plaintiff was already suffering from an "unstable shoulder with a ruptured subscapularis tendon and atrophic subscapularis muscle" when he was arrested. (M.S.J. Ex. 6 at 5, ECF No. 59.) Accordingly, the Court concluded at the summary judgment stage that Plaintiff had a condition that had been "diagnosed by a physician as mandating treatment"—in this case, surgery—and as such, he had sufficiently established he had a serious medical need. (*See* M.S.J. Mem. at 12, ECF No. 72).

Defendants now contend that Plaintiff's injury could not have been sufficiently serious because "chronic and on-going" injuries that do not require "urgen[t]" medical attention cannot as a matter of law serve as serious medical needs. (Mot. Recons. at 5.) This is especially true, Defendants assert, when a plaintiff is only in a defendant's custody for a short period of time. (*Id.*)

Defendants misstate the law. Chronic injuries that predate interactions with law enforcement are regularly held to constitute sufficiently serious medical needs, even if the injuries do not require "urgent" medical attention. *See, e.g., Adams v. Sw. Virginia Reg'l Jail Auth.*, 524 F. App'x 899, 900 (4th Cir. 2013) (concluding that plaintiff's arthritis, degenerative disc disease, and chronic pain constituted a serious medical need); *Finley v. Trent*, 955 F. Supp. 642, 646 (N.D. W.Va. 1997) (concluding plaintiff's chronic and pre-existing arthritis constituted a serious medical need); *Bellard v. Barrera*, Civ. No. ELH-17-2115, 2018 WL 3818801, at *12 (D. Md. Aug. 9, 2018) (concluding plaintiff's "chronic pain and mobility issues" related to his arthritis constituted a serious medical need).

The combination of a chronic injury and a short period of custody does not necessarily defeat a deliberate indifference claim either. Defendants may very well be correct that an officer would not be liable for deliberate indifference where a plaintiff has a chronic injury, the plaintiff is only in the defendant's custody for a short time, and there is no indication the plaintiff is in pain

or experiencing any other health risks. (*See* Mot. Recons. at 5.) But that is not what Plaintiff alleges happened. Plaintiff alleges—and Ellwood corroborates—that Plaintiff repeatedly told Defendants that he was in significant pain and could not feel his hand. (Krell Depo. 175:4–6, ECF No. 66-2.) He further alleges that he repeatedly begged them to reposition his handcuffs but they refused, saying "F this faggot, [] I'm sticking to protocol." (*Id.* 129: 17–20, 130:11–18.) The fact that his alleged pain lasted for "approximately two to three hours" and not "months or years" does not mean it was constitutional for Defendants to ignore his pleas; if that were the case, arresting officers—who typically spend only a matter of hours with arrestees—could almost never be liable for deliberate indifference. (*See* Mot. Recons. at 5.)

Defendants are free to argue at trial that they should not be liable for deliberate indifference because Plaintiff did not adequately make his pain known or, if he did, that they did not have enough time or opportunity to address the problem. Deliberate indifference is a high bar and they could be successful. But Plaintiff's claim is not barred as a matter of law merely because his injury predated his arrest or because he was in Defendants' custody for hours, not months or years.

### 2. *Causation*

Defendants also argue that Plaintiff's deliberate indifference claim must fail because Plaintiff cannot sufficiently establish causation. But Defendants misstate the type of causation Plaintiff is required to establish to prevail on his deliberate indifference claim.

Specifically, Defendants incorrectly assert that Plaintiff must establish the same type of causation in the deliberate indifference and excessive force contexts. (Mot. Recons. at 6–7.) In the excessive force context, Plaintiff alleged that Defendants' use of force during his arrest permanently debilitated his arm and *caused* him to need shoulder surgery. (Opp'n Mem. M.S.J. at 27, 29, ECF No. 65.) Plaintiff was therefore required to establish causation between Defendants'

5

conduct and his need for shoulder surgery. (M.S.J. Mem. at 7–8.) But in the deliberate indifference context, Plaintiff did not allege that Defendants' deliberate indifference *caused* him to need shoulder surgery. (Opp'n Mem. M.S.J. at 33–35.) And he was not required to allege this: defendants are regularly held to be liable for deliberate indifference when they have not caused the plaintiff's underlying injury. *See, e.g., Gordon v. Schilling*, 937 F.3d 348, 359 (4th Cir. 2019) (finding defendant could be liable for deliberate indifference for failing to treat plaintiff's liver disease even though defendant did not cause plaintiff to contract the disease). Instead, Plaintiff alleges that Defendants' deliberate indifference caused him to be in unnecessary and prolonged pain. (Opp'n Mem. M.S.J. at 33–35.) No expert testimony is needed to establish causation here because it is apparent to a layman that handcuffing an individual with severe shoulder problems behind his back for several hours could cause him significant pain.

Defendants next assert that unnecessary and prolonged pain cannot serve as the basis for a deliberate indifference claim. (Mot. Recons. at 7.) Rather, they contend, a plaintiff can only prevail on a deliberate indifference claim if he can show the defendant's conduct "worsened or exacerbated" his injuries. (*Id.* at 8.) Defendants cite no authority to support their position, but assert the case the Court cited for the contrary position—*Abraham v. McDonald*, 493 F. App'x 465 (4th Cir. 2012)—is inapposite because the plaintiff in that case experienced more severe health problems over a longer period of time than did Plaintiff. (Mot. Recons. at 7.)

*Abraham* is far from the only case that has held that unnecessary, prolonged pain can serve as the basis for a deliberate indifference claim. *See, e.g., Loe v. Armistead*, 582 F.2d 1291, 1296 (4th Cir. 1978) (concluding plaintiff had stated a claim for deliberate indifference because a broken arm is an "excruciating injury" and plaintiff was denied treatment for at least eleven hours); *Sharpe v. S.C. Dep't of Corr.*, 621 F. App'x 732, 734 (4th Cir. 2015) ("A delay in treatment may constitute

6

deliberate indifference if the delay exacerbated the injury or unnecessarily prolonged an inmate's pain." (citing *McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010)); *Webb v. Hamidullah*, 281 F. App'x 159, 167 (4th Cir. 2008) (explaining a plaintiff can prevail on a deliberate indifference claim if he can show a delay in treatment resulted in the exacerbation of his medical condition or "frequent complaints of severe pain"). Further, Defendants' position is inconsistent with the very definition of the claim, which the Supreme Court held involves the "unnecessary and wonton infliction of pain." *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (citation omitted). If Defendants' theory of the law actually applied, an officer would be free to engage in conduct that resulted in hours of serious, unnecessary pain so long as that pain was temporary and left no permanent damage. Such an approach would run afoul of the principal that individuals must not be required to endure pain at the hands of law enforcement that has no "penological purpose."[3] *See id.* at 103.

### B. Equal Protection, Negligence, and Gross Negligence Claims

Defendants contend that because Plaintiff's equal protection, negligence, and gross negligence claims are all premised on Defendants' alleged deliberate indifference, the Court should reconsider those claims if it elects to grant summary judgment on the deliberate indifference claim. (Mot. Recons. at 8–10.) Because the Court declines to grant summary judgment on the deliberate indifference claim, it will not reconsider these claims.

### C. Dr. Saltzman's Report

---

[3] The Supreme Court articulated this principal in *Estelle v. Gamble*, which analyzed deliberate indifference under the Eighth Amendment. The principal nevertheless applies in the Fourteenth Amendment context, as deliberate indifference claims are analyzed using the same approach under both amendments. *Patten v. Nichols*, 274 F.3d 829, 834 (4th Cir. 2001) ("[D]enial-of medical-care claims asserted by pre-trial detainees [under the Fourteenth Amendment] are governed by the [Eighth Amendment's] deliberate indifference standard."); *see also Young v. City of Mount Ranier*, 238 F.3d 567, 575 (4th Cir. 2001) ("Pretrial detainees are entitled to at least the same protection under the Fourteenth Amendment as are convicted prisoners under the Eighth Amendment.).

At the summary judgment stage, the Court declined to formally consider the report submitted by Defendants' expert, Dr. Robert Saltzman, on the grounds that the report was not sworn. (M.S.J. Mem. at 7 n.4). Defendants contend this was in error because the 2010 Amendments to Federal Rule of Civil Procedure 56 no longer require all documents submitted at the summary judgment stage to be authenticated. (Mot. Recons. at 11.) Defendants are correct that under the amended Rule 56, "facts in support of or opposition to a motion for summary judgment need not *be* in admissible form; the new requirement is that the party identifies facts that *could be* put in admissible form." *Wake v. Nat'l R.R. Passenger, Corp.*, Civ. No. PWG-12-1510, 2013 WL 5423978, at *1 (D. Md. Sept. 26, 2013). Because Dr. Saltzman's report could have been submitted in admissible form, as Defendants have now shown by submitting a sworn copy of the report (ECF No. 83), the Court could have considered the report at the summary judgment stage.

But as the Court stated in its prior opinion, the admissibility of Dr. Saltzman's report does not affect the summary judgment outcome. For the reasons explained above, Dr. Saltzman's opinion that Plaintiff did not experience "new or exacerbated injuries during his arrest" (M.S.J. Ex. 6 at 7) does not defeat Plaintiff's deliberate indifference claim, as Plaintiff has created a genuine dispute of material fact as to whether Defendants' conduct caused him to experience unnecessary, prolonged pain. Accordingly, even if the Court had formally considered Dr. Saltzman's report, as the Court now does, its conclusion regarding Plaintiff's deliberate indifference claim still stands.[4]

### D. *Excessive Force (Facial Injuries)*

---

[4] Defendant's memorandum only addresses how the admissibility of the report could affect Plaintiff's deliberate indifference claim. (Mot. Recons. at 10–11.) The Court notes for the record that the admissibility of the report also does not affect the outcome of any of Plaintiff's other claims.

8

Defendants repeat their argument from the summary judgment stage that no reasonable jury could find Defendants liable for excessive force absent any physical evidence to support Plaintiff's claim. (Mot. Recons. at 12.) They also assert that Plaintiff's claim is barred because the facial injuries he alleges were insubstantial. (*Id.*)

The Court considered Defendants' argument about the lack of physical evidence at the summary judgment stage. The Court's position then and now is that the absence of physical evidence will be a difficult hurdle for Plaintiff to overcome at trial. The evidence Plaintiff has produced—his own testimony and Ellwood's corroboration of it—is thin. But it is more than a "scintilla," which is sufficient to survive summary judgment. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

The insubstantial nature of Plaintiff's alleged facial injuries also does not defeat his claim. (*See* Mot. Recons. at 12.) Although plaintiffs were once required to show more than a *de minimis* injury to prevail on excessive force claims, this is no longer the case. *See Wilkins v. Gaddy*, 559 U.S. 34, 38 (2010) (overturning the *de minimis* injury rule on the grounds that "[a]n inmate who is gratuitously beaten by guards does not lose his ability to pursue an [Eighth Amendment] excessive force claim merely because he has the good fortune to escape without serious injury"); *see also Smith v. Murphy*, 634 F. App'x 914, 917 (4th Cir. 2015) (explaining that the *de minimis* nature of an injury does not bar a Fourth Amendment excessive force claim but may indicate that the force used was reasonable). The fact that Plaintiff's alleged injuries consist only of minor cuts may make it difficult for him to establish at trial that Defendants' use of force was unreasonable, but it does not automatically bar his claim at the summary judgment stage.

### *E. Qualified Immunity*

Defendants contend they are entitled to qualified immunity on each of the federal claims pending against them—deliberate indifference, equal protection, and excessive force—and it was clear error for the Court to conclude otherwise. (Mot. Recons. at 9–10, 13.)

Defendants assert they are entitled to qualified immunity on the deliberate indifference claim—and the related equal protection claim—because there is no clearly established law suggesting Plaintiff was suffering from a serious need or that prolonged pain can serve as the basis for a deliberate indifference claim. (*Id.* at 9–10.) For the reasons explained above and in the Court's prior opinion, there is clearly established law demonstrating Plaintiff's claim is viable, and as such, the Court declines to modify its qualified immunity holdings with respect to either claim.

With respect to the excessive force claim, Defendants provide no explanation to support their one-sentence conclusory statement that the Court erred in concluding they were not entitled to qualified immunity. (Mot. Recons. at 13.) Absent any explanation of how the Court allegedly erred, the Court will not reconsider its holding.

### III. Conclusion

For the foregoing reasons, an Order shall enter denying Defendants' motion to reconsider.

DATED this _18_ day of November, 2019.

BY THE COURT:

_____
James K. Bredar
Chief Judge