IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **EDWIN KRELL,** | * | |
| **Plaintiff,** | * | |
| **v.** | * | **Case No. 1:18-cv-00637-JKB** |
| **QUEEN ANNE'S CO.,** *et al.,* | * | |
| **Defendants.** | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO STAY TRIAL PENDING APPEAL

Defendants, Maryland State Police Troopers Sgt. Tyson Brice and TFC Kyle Braightmeyer, by their attorneys, Brian E. Frosh, Attorney General of Maryland, Phillip M. Pickus and Brent D. Schubert, Assistant Attorneys General, move, pursuant to Fed. R. App. P. 8, to request that this Court grant a stay of all proceedings pending resolution of their appeal for the following reasons:

## PROCEDURAL HISTORY

At the conclusion of discovery in this case, Defendants Brice and Braightmeyer filed a Motion to Dismiss, or in the alternative, Motion for Summary Judgment, which was opposed by Plaintiff.   (Docs. 58 and 65).   Several of the arguments asserted in this Motion were based on claims of federal and state immunity.   By Memorandum and Order dated October 3, 2019, this Court granted in part and denied in part Defendants' Motion.   (Docs. 72 and 73).   Defendants Brice and Braightmeyer filed a Motion for Reconsideration of this Court's denial of summary judgment, again raising, among other things, immunity arguments.   Plaintiff did not file an opposition to Defendants' Motion for Reconsideration.

By Memorandum and Order dated November 19, 2019, this Court denied Defendants'

Motion for Reconsideration.   (Docs. 85 and 86).

After denying Defendants' original Motion, on October 25, 2019, this Court issued

a Supplemental Scheduling Order.   (Doc. 79).   This Court set a trial date in this matter

for March 30, 2020 as well as setting forth related pretrial deadlines.

On December 17, 2019, Defendants filed a timely interlocutory appeal based on

immunity.   (Doc. 87).

## ARGUMENT

### I.     Legal Standards

Although the Federal Rules of Civil Procedure do not contain an explicit rule for a

stay pending an authorized interlocutory appeal, the Supreme Court has explained that the

district court's authority to issue a stay is apparent and unquestionable: "[t]he power to stay

proceedings is incidental to the power inherent in every court to control the disposition of

the causes on its docket with economy of time and effort for itself, for counsel, and for

litigants."  *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936) (citing *Kansas City S. Ry.*

*Co. v. United States*, 282 U.S. 760, 763 (1931)).   Likewise, Federal Rule of Appellate

Procedure 8(a)(1) mandates that a litigant first seek a stay from the district court prior to

petitioning the appellate court for that relief.   Therefore, the district court's authority to

issue a stay pending an appeal, derived from several sources, is unquestionable.

### II.    The Criteria for Evaluating a Motion to Stay Pending Appeal Strongly
###        Favor a Stay When the Basis for the Pending Appeal is Qualified Immunity

The factors governing a request for a stay pending appeal are: "(1) whether the stay

applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987).

The District of Columbia Circuit has explained that when the motion to stay is filed in conjunction with an appeal on the basis of immunity grounds, "the latter three factors strongly favor interim relief, this court has required only that the petitioner demonstrate a 'substantial case on the merits,' even if ultimate success is not a mathematical probability." *McSurely v. McClellan*, 697 F.2d 309, 317 (D.C. Cir. 1982); *see also Pharm., Inc. v. TWI Pharm., Inc.*, CCB-11-2466, 2014 WL 3956024, at * 2 (D. Md. Aug. 12, 2014) (explaining in a similar analysis of the *Hilton v. Braunskill* factors that a party "does not need to demonstrate that it will certainly win on appeal or that there is a mathematical probability of success. . . Rather, '[a]t a minimum, it must demonstrate a substantial case.'").   The Court explained that "[i]n most cases" a petitioner appealing on immunity grounds "should be able to satisfy the last three elements" of the test because "[a] showing of irreparable injury will generally be automatic from invocation of the immunity doctrine," the public interest "in an official's 'unflinching discharge of [his] duties' normally will support a stay" and any purported injury to other caused by a delay "will be subsidiary to the overarching interest in preserving the immunity defense." *McSurely*, 697 F.2d at 317.

Although in *McSurely*, the D.C. Circuit Court ultimately upheld the denial of the motion to stay because the assertion of prosecutorial and qualified immunity was not made until just before trial in a case that had been pending for 13 years, its articulation of the

principles regarding the evaluation of a motion to stay when prosecutorial immunity is at issue are directly relevant to the present motion and favor granting the motion.   This court does not have the distraction of a late-filed immunity motion that confronted the court in that case.

Furthermore, several years ago, the Fourth Circuit granted a stay to a prosecutor who had asserted prosecutorial and qualified immunity when the district court initially denied the stay.   *See Nero, et al. v. Mosby, et al.*, No. 17-1166 (4th Circuit, May 4, 2017). Although the Fourth Circuit did not articulate its reasoning in *Nero*, the Supreme Court has made clear that public officials asserting an immunity defense should not be subjected to "unnecessary and burdensome discovery or trial proceedings." *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998).   The Supreme Court has long recognized that immunities represent "an entitlement not to stand trial or face the other burdens of litigation" including discovery.   *See Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985).

To properly support the role of the government officials in the conduct of public work, the defense of qualified immunity imbues that conduct with a guard against vexatious litigation.   *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).   This defense is of the upmost importance in protecting government officials from unwarranted litigation. So important is the defense that the Supreme Court has held that more than one appeal may be taken based upon that defense at different stages of the same proceedings to protect the official's right not to stand trial where the law is not clearly established.   *Behrens v. Pelletier*, 516 U.S. 299, 313 (1996).   Indeed, the Supreme Court has acknowledged that

the defense of qualified immunity is an entitlement of "*immunity from suit* rather than a mere defense to liability; and like absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial."   *Mitchell v. Forsyth,* 472 U. S. 511, 526, (1985) (emphasis in original).

   A. **The Defendants Are Likely to Succeed on the Merits of the Appeal**

   Defendants are likely to succeed on the merits on an immunity appeal for several reasons.   The primary argument on appeal will be that Defendants are entitled to federal qualified immunity for the federal constitutional claims.   Qualified immunity involves a two prong test: (1) whether the facts alleged or shown establish a violation of a constitutional right; and (2) whether the right was clearly established at the time of the challenged conduct.   *Pearson v. Callahan*, 555 U.S. 223, 232 (2009).   Defendants believe both prongs of the *Pearson* test relating to the federal deliberate indifference claim mandate a finding of qualified immunity.   Plaintiff has not shown a constitutional violation for deliberate indifference because he has failed to meet the causation element required to establish a constitutional violation.   Plaintiff has failed to provide expert testimony regarding his extensive pre-existing injuries and this issue is not in the normal understanding of a lay juror.   The evidence that does exist indicates Plaintiff did not suffer from any new injury or an exacerbation of pre-existing injuries.

   As to the second prong of the *Pearson* qualified immunity test, Defendants are not aware of any authority, and Plaintiff has not produced any authority, that suggests that a

condition that has been ongoing for years suddenly becomes a serious medical need mandating treatment for a Plaintiff in police custody for only two to three hours.   The clearly established law for purposes of qualified immunity must be "particularized" to the facts of the case and the law determined "beyond debate."   *White v. Pauly*, 137 S.Ct. 548, 551 (2017) (*per curiam*).   There is no authority here approaching the "particularized" authority that must exist to prevent the imposition of qualified immunity.

Defendants also believe that they will prevail on qualified immunity for the equal protection claims.   This Court has found that the denial of medical care is the sole improper act justifying an equal protection claim.   Because Defendants believe they will prevail on the deliberate indifference claims, there can be no equal protection claim in this case.

Another issue to be raised on appeal will be qualified immunity regarding the excessive force claim for the alleged pushing of Plaintiff's face into the floor.   Defendants assert that Mr. Ellwood's statement regarding injuries to Plaintiff's face is not enough to overcome summary judgment.   Plaintiff has not produced any medical records of facial injuries or pictures of the alleged broken tile.   There is a "wealth of Supreme Court and Fourth Circuit authority dealing with excessive force claims and, specifically the need for a plaintiff to show more than an insubstantial injury to sustain an excessive force claim, such as alleged injuries arising from 'tight handcuffs.'"   *Newman v. Green*, 198 F. Supp. 2d 664, 668 (D. Md. 2002).

Finally, Defendants will prevail on Maryland State Immunity for the state law claims.   The Fourth Circuit has made it clear that it has jurisdiction to review these claims because they involve immunity from "suit," not just immunity from liability.   *Nero v. Mosby*, 890 F.3d 106, 124-25 (4th Cir. 2018); *see also* Md. Code Ann., Cts. & Jud. Proc. § 5-522(b) (giving State employees immunity from "suit.").   The only way Plaintiff can overcome this immunity is to establish malice or gross negligence.   Plaintiff has failed to support a plausible claim of malice or gross negligence and has failed to overcome the Troopers' entitlement to statutory immunity.   Moreover, the Troopers as a matter of law cannot be sued for negligence.   Maryland law is clear that State personnel have a qualified immunity from liability as prescribed by statute.   *See* Md. Code Ann. State Gov't § 12-105 (2004 Repl. Vol. & Supp. 2008) and Md. Code Ann. Cts. & Jud. Proc. § 5-522(b) (2006 Repl. Vol.).   Given the mechanism of this statutory immunity, it is impossible for a negligence claim to be brought against TFC Braightmeyer and Sgt. Brice, negligence can only be brought against the State.

### B.    The Defendants Will Be Irreparably Injured Absent a Stay.

If Defendants are denied a stay and forced to go to trial in this case, they will essentially lose their right to immunity.   A stay of this Court's proceedings is, therefore, warranted because without it, Defendants will irrevocably suffer the very harms that the immunities are designed to prevent.   The Supreme Court has admonished that the immunity is designed "to free officials from the concerns of litigation, including avoidance

of disruptive discovery, . . . [because] litigation exacts heavy costs in terms of efficiency and expenditures of valuable resources that otherwise might be directed to the proper execution of the work of the government." *Ashcroft v. Iqbal*, 556 U.S.662, 685 (2009) (internal citation omitted).   Requiring Defendants to go forward with trial while their appeal on immunity is pending wholly undermines their right to be free from the burdens of litigation.   The D.C. Circuit has found that "[a] showing of irreparable injury will generally be automatic from invocation of the immunity doctrine."   *McSurely*, 697 F.2d at 317.   Forcing Defendants in this case to go forward in trial would wholly nullify their immunity protections and as a result, this case should be stayed.

### C.    Issuance of the Stay Will Not Substantially Injure Other Interested Parties

There have been no substantial delays in this case up to this point.   Plaintiff cannot credibly demonstrate any appreciable, let alone substantial, harm that will or potentially could result from the requested stay.   Moreover, when an immunity defense is the subject of an appeal, this factor "will be subsidiary to the overarching interest in preserving the immunity defense."   *McSurely v. McClellan*, 697 F.2d 309, 317 (D.C. Cir. 1982).

### D.    The Public Interest Strongly Favors Granting a Stay

Immunities from suit exist to protect "some particular value of a high order."   *Will v. Hallock*, 546 U.S. 345, 352 (2006) (in rejecting appellate jurisdiction over trial court's denial of motion to dismiss based on procedural bar, discussing absolute and qualified immunities and why they are important and immediately appealable). These values include

the "preserv[ation of] the efficiency of government and the initiative of its officials . . . "
*Will*, 546 U.S. at 352.   There is also "a strong public interest in protecting public officials
from the costs associated with the defense of damages actions."   *Crawford-El v. Britton*,
523 U.S. 574, 590 (1998).   Those same values are also inherent in State statutory
immunity, whereby the State essentially confers its sovereign immunity on its personnel
acting in furtherance of its business and without malice or gross negligence.

Granting the requested stay of these proceedings during the pendency of the
interlocutory appeal will avoid the premature and irretrievable loss of the protections from
suit that the law affords Defendants.   Both Defendants are sworn and active police officers
with numerous law enforcement duties.   The public has a substantial interest in having
their immunity assertions resolved as efficiently, expeditiously, and fairly as possible,
which is served by their unfettered presentation of those defenses to the appellate court.
As the Court of Appeals for the District of Columbia explained, the public interest "in an
official's 'unflinching discharge of [his] duties' normally will support a stay."   *McSurely
v. McClellan*, 697 F.2d 309, 317 (D.C. Cir. 1982).   All the circumstances of this case
suggest that a stay is appropriate until the conclusion of Defendants' appeal.

## CONCLUSION

For the reasons stated, Defendants respectfully request that the Court grant this
motion for stay pending appeal.

Respectfully submitted,

BRIAN E. FROSH
Attorney General of Maryland

_____ /s/ _____
PHILLIP M. PICKUS
(Bar No. 22814)

_____ /s/ _____
BRENT D. SCHUBERT
(Bar No. 19593)
Assistant Attorneys General
1201 Reisterstown Road
Pikesville, Maryland 21208
(410) 653-4293 (telephone)
(410) 653-4270 (facsimile)
Phillip.pickus@maryland.gov

*Counsel for Defendants*