# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

EDWIN CHARLES KRELL,                          *

    Plaintiff,                          *

    v.                                  *                    CIVIL NO. JKB-18-0637

QUEEN ANNE'S COUNTY, et al.,                  *

    Defendants.                         *

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## MEMORANDUM

In March 2018, Edwin Charles Krell ("Plaintiff") sued Tyson Brice and Kyle Braightmeyer ("Defendants") on a variety of federal and state law claims alleging misconduct during his arrest.[1] After the close of discovery, Defendants moved for summary judgment on each of the claims pending against them. (ECF No. 58.) In October 2019, this Court granted the motion in part and denied it in part. (ECF No. 73.) Defendants subsequently filed a motion to reconsider (ECF No. 82), which the Court denied (ECF No. 85). Following this denial, Defendants filed an interlocutory appeal with the United States Court of Appeals for the Fourth Circuit contending that the Court erred in concluding at summary judgment that Defendants were not entitled to qualified immunity or state statutory immunity. (U.S.C.A. Case No. 19-2448.)

Now pending before the Court is Defendants' motion to stay the case pending the resolution of their appeal. (ECF No. 90.) The motion is fully briefed. No hearing is required. *See* Local Rule 105.6 (D. Md. 2018). The Court will grant Defendants' motion to stay.

---

[1] Plaintiff also sued numerous other defendants in relation to his post-arrest confinement at Queen Anne's County Detention Center. (Compl., ECF No. 1.) The other defendants in the action have all since been dismissed.

## I.    *Motion to Stay Standard*

The power of a district court to stay trial proceedings is discretionary, and calls for the balancing of "the various factors relevant to the expeditious and comprehensive disposition" of a case. *Maryland v. Universal Elections, Inc.*, 729 F.3d 370, 375 (4th Cir. 2013) (quoting *United States v. Ga. Pac. Corp.*, 562 F.2d 294, 296 (4th Cir. 1977)). In determining whether to stay a case pending appeal, courts consider four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987). "Each of these requirements may . . . be applied flexibly according to the unique circumstances of each case." *McSurely v. McClellan*, 697 F.2d 309, 317 (D.C. Cir. 1982). The Court evaluates the relevant factors in turn.

## II.    *Analysis*

### A. *Likelihood of Success on the Merits*

Plaintiff contends that Defendants' motion to stay must be denied because Defendants have no chance of succeeding on the merits. Plaintiff cites two primary reasons for this: first, the Fourth Circuit lacks jurisdiction over this appeal (Opp'n Mot. Stay at 5–9, ECF No. 91), and second, even if it had jurisdiction, Defendants' immunity arguments are unmeritorious (*id.* at 9–16).

With respect to jurisdiction, United States appellate courts typically only have jurisdiction over "final decisions of the district courts." 28 U.S.C. § 1291. However, interlocutory orders denying immunity can be considered final "collateral orders" subject to immediate appellate review.[2] *Mitchell v. Forsyth*, 472 U.S. 511, 528–30 (1985). An appellate court will only have

---

[2]    This is true regardless of whether the order denying immunity addresses qualified immunity or Maryland state statutory immunity. *See Nero v. Mosby*, 890 F.3d 106, 124 (4th Cir. 2018), *cert. denied*, 139 S. Ct. 490 (2018)

jurisdiction over an appeal involving such an order where the appeal is based on "purely legal issue[s]" and not "evidence sufficiency" disputes. *Johnson v. Jones*, 515 U.S. 304, 313–14 (1995). Where a defendant raises a mix of legal and sufficiency-of-the-evidence arguments, it is the job of the appellate court to "parse[]" them and consider only the legal arguments. *See, e.g., Iko v. Shreve*, 535 F.3d 225, 234–35 (4th Cir. 2008) ("[O]ur first task on appeal is to separate the district court's legal conclusions regarding entitlement to qualified immunity, over which we have jurisdiction, from its determinations regarding factual disputes, over which we do not.")

The Court is satisfied at this stage that the Fourth Circuit has jurisdiction over Defendants' appeal. Although, as Plaintiff notes, some of Defendants' arguments appear to focus on the sufficiency of the evidence (*e.g.*, Defendants' argument that "Plaintiff has not produced any medical records of facial injuries or pictures of the alleged broken tile" (Mot. Stay at 6, ECF No. 90-1)), others appear to focus on legal issues (*e.g.*, Defendants' argument that there is no "clearly established law" that a "condition that has been ongoing for years" can serve as the basis of a deliberate indifference claim (*id.*)). It will ultimately be the job of the appellate court to determine the parameters of its jurisdiction, but Defendants' invocation of at least some legal arguments in their motion to stay sufficiently establishes jurisdiction at this stage.

The question of jurisdiction is, of course, distinct from the question of whether Defendants will actually prevail on appeal. The Court stands by its earlier analyses and believes its conclusions regarding qualified immunity are correct. But even where a district court believes that a defendant is unlikely to prevail on appeal, it may still determine a stay is appropriate where the defendant can make a "substantial case" that it will succeed on the merits, *Par Pharm., Inc. v. TWI Pharm.,*

---

(exercising jurisdiction over an interlocutory appeal that raised qualified immunity and state immunity arguments). In the context of this case, that means the Court's conclusions regarding qualified immunity and state statutory immunity are reviewable at this time by the Fourth Circuit.

*Inc.*, Civ. No. CCB-11-2466, 2014 WL 3956024, at *2 (D. Md. Aug. 12, 2014), or the appeal raises "serious questions of law," *U.S. Home Corp. v. Settlers Crossing, LLC*, Civ. No. DKC-08-1863, 2015 WL 3973071, at *6 (D. Md. June 29, 2015). A stay is more likely to be appropriate where the appeal raises issues that will be reviewed *de novo* by the appellate court. *See Par Pharm*, 2014 WL 3956024, at *2; *Settlers Crossing*, 2015 WL 3973071, at *6.

Here, Defendants raise "serious questions of law," *Settlers Crossing*, 2015 WL 3973071, at *6, about the scope of qualified immunity in a case involving a plaintiff with complex preexisting injuries. These questions of law will be reviewed *de novo*. *Booker v. S.C. Dep't of Corr.*, 855 F.3d 533, 537 (4th Cir. 2017). Although the Court believes Defendants are unlikely to prevail on appeal, Defendants have made a "substantial case" that they will succeed on the merits. *Par Pharm*, 2014 WL 3956024, at *2. Such a showing can be sufficient to stay a case when, as here, the remaining factors tip in favor of granting a stay. *See id.*

### B. Harm to Defendants

Qualified immunity is "an entitlement not to stand trial or face the other burdens of litigation." *Mitchell*, 472 U.S. at 526 (1985). "The entitlement is an *immunity from suit* rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial." *Id.* (emphasis in original).

Applying these principles here, Defendants' rights to qualified immunity will be "effectively lost" if the Court denies the stay, trial proceeds, and Defendants ultimately prevail on appeal. *See id.* This potential for irreparable loss supports granting a stay. *See, e.g., White v. Chapman*, Civ. No. JCC-14-848, 2015 WL 13021744, at *2 (E.D. Va. Apr. 29, 2015) (granting a stay pending appeal because the question of immunity would be "effectively unreviewable" if the case proceeded to trial).

### C. Harm to Plaintiff

In considering whether a stay pending appeal will harm a plaintiff, courts can consider a variety of factors, including the duration of the case and the timing of the appeal. *See McSurely*, 697 F.2d at 317 (denying a motion to stay pending an appeal filed "shortly before trial" because the case had been pending for more than twelve years). A court is more likely to grant a stay where it will only delay the plaintiff's recovery as opposed to causing "structural harm" that irreparably impairs the plaintiff's ability to recover. *See Par Pharm*, 2014 WL 3956024, at *5.

The duration of this case and the timing of Defendants' appeal suggest a stay will not meaningfully damage Plaintiff's interests. Plaintiff filed his complaint in March 2018 and the case has since proceeded steadily through the motion to dismiss stage, discovery, and summary judgment without any notable delays. Although Defendants' appeal comes just a few months before trial—an inopportune time, as Plaintiff notes (Opp'n Mot. Stay at 19)—Defendants filed their appeal promptly after the Court's summary judgment decision and only raised arguments that they have asserted throughout the entirety of this case.

Circumstances also suggest that Plaintiff's ability to recover will only be delayed—rather than permanently diminished—by a stay. Although a stay could, as Plaintiff notes, result in the fading of witnesses' memories (Opp'n Mot. Stay at 18), this is a risk associated with all stays, and there is no indication the risks of this occurring are unusually high here. Therefore, this factor supports granting a stay.

### D. The Public Interest

The purpose of qualified immunity is to "balance[] two important interests—the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably."

*Pearson v. Callahan*, 555 U.S. 223, 231 (2009). In the context of stays pending immunity appeals, some courts, including the D.C. Circuit, have concluded that the public interest in protecting officers from suit is so great that it "normally will support a stay," even if that means postponing the plaintiff's recovery. *McSurely*, 697 F.2d at 317.

The Fourth Circuit does not appear to have explicitly accepted or rejected such a presumption in favor of stays, but the approach is based on ample Supreme Court precedent emphasizing the public interest in protecting officers from suits. *See, e.g.*, *Crawford-El v. Britton*, 523 U.S. 574, 590 (1998) ("[T]here is a strong public interest in protecting public officials from the costs associated with the defense of damages actions."). In light of this authority, the Court concludes this factor supports a stay, or is, at the least, neutral.

### III.    *Conclusion*

After weighing the relevant factors, the Court concludes a stay is warranted. Although Plaintiff raises legitimate concerns about a system in which stays are automatically granted whenever a defendant files an immunity appeal (Opp'n Mot. Stay at 16), the Court's conclusion is not based on a belief that the relevant authority requires automatic stays. The Court merely holds that a stay is warranted under these circumstances—where the defendant has presented a plausible claim for immunity and the balance of hardships favors a stay.

For the foregoing reasons, an Order shall enter granting Defendants' motion to stay.

DATED this 2 7 day of January, 2020.

BY THE COURT:

James K. Bredar
Chief Judge

6